UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AUSTIN MARIASY,

                              Plaintiff,

             -v-                                          1:20-CV-461

POOPY PRODUCTIONS, INC.; and SAM
SEDER,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                OF COUNSEL:

LIEBOWITZ LAW FIRM, PLLC                    RICHARD P. LIEBOWITZ, ESQ.
Attorneys for Plaintiff
11 Sunrise Plaza, Suite 301
Valley Stream, New York 11580

DAVID N. HURD
United States District Judge

## MEMORANDUM–DECISION and ORDER

## I.   INTRODUCTION AND BACKGROUND

Plaintiff Austin Mariasy ("Mariasy" or "plaintiff") is a professional photographer out of

Kent, Ohio.  As relevant to this case, one of plaintiff's photographs depicts a Kent State

University student dressed as an infant.  Plaintiff registered a copyright for that photograph on

November 21, 2017.

On October 26, 2017, defendant Sam Seder ("Seder") used the photograph on his

internet show "The Majority Report w/Sam Seder" ("the show").  The show is produced by

defendant Poopy Productions, Inc. ("PPI", together with Seder "defendants").  Defendants did

not license the photograph, nor did they have Mariasy's permission to publish it.

On April 22, 2020, Mariasy filed a one-count complaint alleging copyright infringement in violation of 17 U.S.C. §§ 106, 501.  When defendants did not respond to that complaint, plaintiff sought an entry of default on August 3, 2020.  The entry of default followed on August 4, 2020.  On October 8, 2020, plaintiff moved for default judgment under Federal Rule of Civil Procedure ("Rule") 55, apparently against only PPI.[1]  Neither defendant ever responded.

## II.   LEGAL STANDARD

Under Rule 55, a district court may grant default judgment against a party for the failure to plead or otherwise defend an action.  FED. R. CIV. P. 55; *see Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).  A party moving for default judgment must first attain an Entry of Default from the Clerk of the Court.  FED. R. CIV. P. 55(a).  Once default has been established as proper, the party moving for default is "entitled to all reasonable inferences from the evidence offered."  *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).  However, a district court still must determine whether the allegations establish liability as a matter of law.  *Id.*

## III.   DISCUSSION

Mariasy's only claim is for copyright infringement under § 501.  He has also requested attorney's fees and costs.

### A.   Mariasy's Copyright Infringement Claim.

The elements of a copyright infringement claim are:  "(1) ownership of a valid copyright[;] and (2) copying of constituent elements of the work that are original."  *Kwan v. Schlein*, 634 F.3d 224, 229 (2d Cir. 2011).  For a copyright to be valid, it must have been: (1) registered within three months of its first publication; or (2) prior to the allegedly infringing

---

[1] Plaintiff's motion for default judgment refers only to a single defendant—and his affidavit specifically contends that there is only one defendant—despite the case caption naming two.  That same affidavit also identifies PPI as both the plaintiff and defendant in this case.

use.  *See On Davis v. The Gap, Inc.*, 246 F.3d 152, 158 (2d Cir. 2001).  Courts may take

judicial notice of copyright registrations published in the Copyright Office's registry.  *See*

*Island Software and Comput. Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005)

(citing FED. R. EVID. 201(b)).

Mariasy has adequately alleged every element of § 501 copyright infringement.  His

copyright registration dated November 21, 2017, bearing number VA 2-076-501, satisfies the

first element of ownership of a valid copyright.  *Kwan*, 634 F.3d at 229.  Moreover, review of

the two photographs demonstrates that PPI copied the entirety of the work, and thus certainly

copied its constituent elements.  *Id.*

> As for the damages that Mariasy requests, there is some uncertainty as to their
>
> amount.  His motion itself requests $10,000.00 in statutory damages, while his
>
> affidavit requests only $5,000.00.  On that score, § 504 of the copyright law
>
> allows a copyright holder to pursue statutory damages in an amount between
>
> $750 and $30,000 for each copyrighted work.  17 U.S.C. § 504(c)(1).  However,
>
> if an infringement is willful, a court may impose damages of up to $150,000.  17
>
> U.S.C. § 504(c)(2).
>
> The factors relevant to the amount of statutory damages that courts consider include:
>
> "(1) the infringer's state of mind; (2) the expenses saved, and profits earned, by
> the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect
> on the infringer and third parties; (5) the infringer's cooperation in providing
> evidence concerning the value of the infringing material; and (6) the conduct
> and attitude of the parties."

*Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010).  "[C]ourts in this Circuit

commonly award, in cases of non-innocent infringement, statutory damages of between three

and five times the cost of the licensing fees the defendant would have paid" to use the

copyrighted material.  *Broad. Music, Inc. v. Prana Hosp., Inc.*, 158 F. Supp. 3d 184, 199 (S.D.N.Y. 2016).

Because Mariasy chooses statutory damages, he abdicates his right to prove his actual damages, and instead only requests an amount of statutory damages which the Court deems sufficient to deter would-be infringers.  Of course, by taking this road, plaintiff removes all capacity for the Court to analyze the expenses saved and revenue lost through PPI's infringement, leaving the Court with only plaintiff's allegations of willfulness, PPI's silence as to the value of the infringing material, the relevant conduct of the parties, and the potential for a deterrent effect as the Court's bases for assessing an appropriate measure of damages.

This Court stood in precisely the same position in *Sadowski v. Roser Communications Network, Inc.*, 2020 WL 360815 (N.D.N.Y. Jan. 22, 2020), brought by a similarly situated plaintiff—indeed, represented by the same attorney.  The Court found $3,750.00 a suitable number to reimburse an infringement of a single photograph and deter infringement then, *id.* at 3, and it sees no need to depart from that ruling here, nor from the Southern District of New York's similar ruling in *Mango v. BuzzFeed, Inc.*, 356 F. Supp. 3d 368, 375-76 (S.D.N.Y. 2019) (awarding plaintiff $3,750, or five times high end of typical licensing fee, in statutory damages for willful infringement).

PPI's default established its willfulness in infringing Mariasy's work.  *Bryant*, 603 F.3d at 144.  Additionally, because PPI defaulted, it of course did not cooperate in providing evidence of the value of the infringing picture.  *Id.*  Both points suggest considerable statutory damages.  But in light of plaintiff's lack of evidence that he actually suffered any harm, and the relatively mild infringement of a single photograph in this case, plaintiff's requested $5,000 in damages, though not unreasonable, is still higher than the Court can grant.

Accordingly, plaintiff may recover $3,750.00 in damages for copyright infringement under § 501.

    **B. <u>ATTORNEY'S FEES AND COSTS.</u>**

      A prevailing plaintiff is entitled to attorney's fees and costs under § 501. 17 U.S.C. § 505. "When determining whether to award attorney['s] fees [and costs], district courts may consider such factors as (1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence." *Bryant*, 603 F.3d at 144. Because PPI defaulted, and thus the Court must therefore deem its copyright infringement to be willful, an award of attorney's fees and costs are appropriate in this case. *See, e.g.*, *Reilley v. Commerce*, 2016 WL 6837895, at *12 (S.D.N.Y. Oct. 31, 2016) (recommending attorney's fees and costs be applied because defaulting defendant's copyright infringement must be deemed willful).

      Regarding costs, a plaintiff may only recover identifiable, out-of-pocket disbursements relating to filing fees, process servers, postage, and photocopying. *See Korzeniewski v. Sapa Pho Vietnamese Rest. Inc.*, 2019 WL 312149, at *12 (E.D.N.Y. Jan. 3, 2019). For costs, Mariasy has only requested the $400.00 court filing fee and $40.00 for personal service fees. Those costs are precisely the type of out-of-pocket disbursements for which he can recover, and thus plaintiff may recover $440.00 from PPI. *See id.*

      However, the attorney's fee analysis is more involved. In determining whether an assessment of attorney's fees is reasonable, "[b]oth [the Second Circuit] and the Supreme Court have held that . . . the product of a reasonable hourly rate and the reasonable number of hours required by the case . . . creates a 'presumptively reasonable fee.'" *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citing *Arbor Hill Concerned Citizens*

*Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)).  The resulting

product "should be in line with the rates prevailing in the community for similar services by

attorneys of comparable skill, experience, and reputation."  *Kapoor v. Rosenthal*, 269 F.

Supp. 2d 408, 412 (S.D.N.Y. 2003) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983);

*Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997)).

Naturally, this calculation depends on the hourly rates employed in the district in which

the reviewing court sits.  *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir.

2009).  Courts in this district have recently determined hourly rates between $250 and $350

for partners; between $165 and $200 for associates; and between $80 and $90 for paralegals

to be reasonable.  *Deferio v. City of Syracuse*, 2018 WL 3069200, at *3 (N.D.N.Y. June 21,

2018).

Once the typical hourly rate is established, the court should "bear in mind *all* of the

case-specific variables that . . . courts have identified as relevant to the reasonableness of

attorney's fees in setting a reasonable hourly rate."  *Arbor Hill*, 522 F.3d at 190.  Some few of

the relevant factors are:  (1) the time and labor required; (2) the novelty and difficulty of the

issues; (3) the skill level required by the case; (4) the preclusion of employment with other

clients due to acceptance of the case; (5) the attorney's customary hourly rate; (6) any time

limitations imposed by the client or the circumstances; (7) the extent of involvement in the

case and the results obtained; (8) the experience, reputation, and ability of the attorneys; and

(9) awards in similar cases.  *Id.* at 186 n.3 (citing *Johnson v. Ga. Highway Express, Inc.*, 488

F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489

U.S. 87, 92-93, 96 (1989)).

Ultimately, a fee is presumptively reasonable if it is "what a reasonable, paying client

would be willing to pay, given that such a party wishes to spend the minimum necessary to

litigate the case effectively." *Simmons*, 575 F.3d at 174 (internal citations and quotation marks omitted).

Mariasy's attorney has requested attorney's fees in the modest amount of $625.00. He arrived at that number by multiplying the 2.4 hours he spent on this case by an hourly fee rate of $250.00.  The Court already addressed plaintiff's attorney's reputation at length in its decision in *Sadowski*, and it will not belabor the point here.  2020 WL 360815, at *5-6 (citing *Stridiron v. Cmty. Broads., LLC*, 2019 WL 2569863, at *4 (N.D.N.Y. June 21, 2019) (collecting cases discussing plaintiff's attorney's reputation among various federal courts across several districts).

Suffice to say that plaintiff's attorney operates his law firm by bringing hundreds of small-scale copyright infringement suits in the hopes of winning default judgments precisely like the one at bar.  *Stridiron*, 2019 WL 2659863, at *4.  That practice brings with it a slapdash flavor to his filings that have typically resulted in heavily duplicative complaints and motions laden with errors.  *Id.*  To maximize his profits, plaintiff's attorney will typically make exorbitant damages and fee requests, which courts often drastically reduce.  *See Sadowski*, 2020 WL 360815, at *5-6.

The sloppy quality of Mariasy's attorney's filings again rears its head here, because the Court is at present unsure of how many defendants are involved in this case, whether he seeks default judgment against both or only PPI, and what, if anything, is to be done about Sader.  Accordingly, although plaintiff's attorney has almost five years' experience at this juncture, the Court cannot award him even the minimum rate of $200 commanded by partners in this District.  *See Deferio*, 2018 WL 3069200, at *3.

However, if the Court is acknowledging the deficiencies in Mariasy's attorney's filings, it must also acknowledge that he has made great strides toward candor in this case as

compared to his past appearances.  $5,000.00 was not an unreasonable damages request, 2.4 hours was not an unreasonable amount of time for him to have worked on this case, and $250 was a higher fee rate than his work has warranted, but even that request was not above what he could reasonably have expected to receive.  Additionally, plaintiff's affidavit contains a helpful breakdown of statutory damage awards in other cases, complete with parentheticals explaining the nature of the infringed work in those cases.  Thus, upon consideration of all relevant *Arbor Hill* factors, the Court finds that $200 per hour for the full 2.4 hours plaintiff's attorney requests is appropriate.  Plaintiff may thus recover $480.00 in attorney's fees and $440.00 in costs.

## IV.   **CONCLUSION**

Defendants have never appeared in this case, and Mariasy has provided the Court with everything required of it to grant default judgment in his favor.  Accordingly, that judgment must follow, and plaintiff is entitled to $3,750.00 in damages.  Moreover, plaintiff's attorney has submitted adequate documentation that he is entitled to attorney's fees and costs totaling $920.00.  The only loose thread is what to do with Seder, given plaintiff's motion's complete failure to deal with his ongoing presence in this case.  Because plaintiff has never moved in any measure for entry of default or default judgment against Seder, and because plaintiff apparently has disavowed that claim, he must be ordered to show cause why his claim against Seder should not be dismissed for failure to prosecute no later than Friday, December 4, 2020.  Fed. R. Civ. P. 41(b).

Therefore, it is

ORDERED that

1.     Plaintiff Austin Mariasy's Rule 55 motion for default judgment against Poopy Productions, Inc. is GRANTED;

8

2.   Plaintiff Austin Mariasy is entitled to statutory damages in the amount of $3,750;

3.   Plaintiff Austin Mariasy is entitled to attorney's fees and costs in the amount of $920.00;

4.   Plaintiff Austin Mariasy may recover a total of $4,670.00 from defendant Poopy Productions, Inc.; and

5.   Plaintiff Austin Mariasy is ordered to show cause why defendant Sam Seder should not be dismissed from this case for failure to prosecute under Federal Rule of Civil Procedure 41(b) no later than Friday, December 4, 2020.

The Clerk of Court is directed to enter judgment in the amount of $4,670.00 against Poopy Productions, Inc., and judgment in defendant Sam Seder's favor unless plaintiff Austin Mariasy shows cause why his complaint against defendant Seder should not be dismissed by Friday, December 4, 2020.

IT IS SO ORDERED.

Dated:  November 18, 2020
        Utica, New York.

David N. Hurd
U.S. District Judge